UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Civil Action No. __2:20-cv-14328_____

VIRGINIA Y. EBANKS, individually, and
on behalf of all others similarly situated,

    Plaintiff,

v.

VIKING CLIENT SERVICES, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES,** VIRGINIA Y. EBANKS, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of VIKING CLIENT SERVICES, LLC, as follows:

### NATURE OF THE ACTION

1. This action seeks redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. VIRGINIA Y. EBANKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Port St. Lucie, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. VIKING CLIENT SERVICES, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Minnesota.

7. Defendant maintains its principal place of business at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and obtained a Kohl's Inc. credit card.

10. Plaintiff made various charges to the credit card for personal purposes.

11. Due to financial difficultly, Plaintiff defaulted on her Kohl's, Inc. credit card account ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. The subject debt was eventually placed with Defendant for collection.

14. On September 2, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Collection Letter").

15. Defendant's Collection Letter depicted, in pertinent part, as follows:



16.     Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.     Defendant's Collection Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

18.     Specifically, Defendant's Collection Letter identified "Capital One, N.A." as the "Original Creditor" and "Creditor" but did not identify the **current creditor.**

19.     Moreover, Defendant's Collection Letter represented that "Kohl's, Inc. has assigned the above account to Viking Client Services, LLC for collections."

20.     Accordingly, Defendant's Collection Letter confused Plaintiff as she was unable to determine whether "Kohl's Inc." or "Capital One, N.A." was the current creditor to whom the subject debt is owed to.

21.     Moreover, the identity of the **current creditor** was further obscured by the conflicting representations that "Capital One, N.A." was the "Creditor" while "Kohl's Inc." was the entity that placed the subject debt with Defendant for collection.

22. Accordingly, Defendant's Collection Letter failed to conspicuously identify the current creditor as required by the FDCPA.

23. The confusing presentation in Defendant's Collector Letter impacted Plaintiff's decision to pay the subject debt.

24. Accordingly, Plaintiff was deprived of her right to receive critical information required by the FDCPA.

## **CLASS ALLEGATIONS**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

27. The Putative Class is defined as follows:

All natural persons residing in the State of Florida (a) that received a correspondence from Defendant; (b) attempting to collect a consumer debt placed by Kohl's Inc. with Defendant for collection; (c) that failed to conspicuously identify the current creditor; (d) within the one (1) year preceding the date of this complaint through the date of class certification.

28. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity:**

29. Upon information and belief, Defendant mailed hundreds of similar letters to consumers nationwide.

30. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

31. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B. Commonality and Predominance:**

32. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality:**

33. Plaintiff's claims are representative of the claims of other members of the Putative Class.

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D. Superiority and Manageability:**

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation:

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Member of Putative Class)

42. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

43. Section 1692g(a) of the FDCPA provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    **the name of the creditor to whom the debt is owed**;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

44. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

45. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

46. As set forth above, Defendant's Collection Letter violated §1692g(a)(2) because it failed to conspicuously identify the **current creditor** to whom the debt is owed. *See Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020) (finding that the mere presence of the correct name of the current creditor is insufficient to satisfy the requirements of §1692g(a)(2)).

47. As pled above, Plaintiff was deprived of critical information required by the FDCPA and the confusing presentation in Defendant's Collection Letter impacted Plaintiff's decision to pay the subject debt.

**WHEREFORE**, Plaintiff requests the following relief:

A. Declaring that Defendant's Collection Letter violates Section 1692g(a)(2) of the FDCPA;

B. Enjoining Defendant from sending similar collection letters to consumers;

C. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

D. Awarding Class Members statutory damages and actual damages;

E. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

F. Awarding any relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 17, 2020          Respectfully submitted,

**VIRGINIA Y. EBANKS**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com